Chief Justice Robertson
delivered the opinion of the Court.
Richard Blanton made his promissory note to J. J. Marshall, payable at the branch bank of the United States, atLexington, on the 16th of June, 1819. Marshall having endorsed the note to Bacon, Samuel, & Co. they endorsed it to Jos. Smith, who endorsed it to the bank, where it was discounted for 'Blanton’s benefit.
The note not having been paid, the-bank brought, a suit on it, against Blanton, on the 18th September, 1819, in the circuit court of the United States, foy the Kentucky district.
At the November telm, 1819, a judgment was rendered in favor of the hank, by default; but at asub-sequent day of the same term, Blanton filed a plea to the jurisdiction of the court, which, by consent of the plaintiff, was to have the same effect as if filed in time; and after the filing of the plea, but during the same term, Bianton moved to set aside the judgment, >«n which the court took time.
At the May term, 1820, the case was not reached, trod no order appears fo have been made in it, except for its continuance.
At the November term, 1820, Blanton filed two additional pleas: 1st. Payment. 2d. That the note was not endorsed at his instance, issue was taken on the first, and a demurrer was sustained to the second, and the case was continued, (for what reason is not shown,) to the May term, 1821, at which, the court sustained the demurrer to the plea to the jurisdiction, and Blanton failing to appear, judgment was again rendered against him.
On this judgment a fieri facias was issued, on the 12th of June, 1821, and ibis having been returned '■‘‘no estate found,” on the 7th September, 1821, a ■ca. sa. was issued, on which the marshal returned» "‘committed to tb,e jail of Franklin county.”
A«aumpsft subsequent, cldentencfor-ser of bill of exchange,
Accommoda-túm note pla-eetl on looi> ^ch-fne-e and endorsed for discount in bank, so far mercantile paper, that ^evoraUj liable,«ml each prior en-gpq^toihose" wh„ endorse after him, for whole am;t.
endorser of negotiable, Ilotib !iable l°e unless^* hoi’ierhas prosecuted
Blanton died in September, 1822. The bank liav-ing afterwards sued Smith on his endorsement, and recovered a judgment against him, he paid amount adjudged against him, and, thereupon, instituted this suit against Bacon, Samuel & Co. as prior endorsers.
On the general issue, the foregoing facts, and also that the Franklin circuit court was held in July and October, 1810, having been proved, and being the whole of the testimony, the court instructed the jury that the plaintiff, (Smith) had failed to show a legal right to maintain his action; and, thereupon, the jury found a verdict against him, on which, the court rendered judgment.
That assumpsit may be maintained by a subsequent against a precedent endorser of a bill of exchange, has not been doubted.
And it has been decided that an accommodation fiote, (placed on the footing of a bill of exchange,) endorsed for discount in a bank, is so far a mercantile paper, as that each endorser is severally liable, and each prior endorser is responsible to those who endorsed after him, for the whole amount. See Brown vs. Mott, VII. Johnson, 361, and the authorities therein cited; Hixon vs. Reed, II. Littell’s Reports, 175, and Clay vs. Johnson, VI. Monroe.
The note m this case, was not a bill of exchange, But it was a negotiable instrument, each endorser on which, was severally responsible for the whole amount to his endorsee, as on a bill of exchange. Conse-quentiy, Smith had a right to maintain his action for ihe wnole amount, unless the defendants were legally discharged by fatal negligence or delay in the prosecution of the suit by the hank, against the drawer. , .
. . i he fact that the bank obtained a judgment against Smitn, will not entitle him to a judgment against the defendants, if the bank 'did not prosecute its suit against Blanton, witn due diligence, because there is not such a privity between the plaintiff and the defer»-dnnts, as to render the judgment against the plaintiff conclusive against them; and their assumpsit-to him, implied by their endorsement, obliges them to iridem-' *314 mify him, only in the event of a failure by the Bank to coerce the amount of the note out of the drawer, by a diligent prosecution of the legal remedies.
■ Holder mutt prosecute drawer to insolvency to entitle him to recourse on endorser.
Shewing that drawer was arrested and imprisoned without shewing issue of imprisonment not entitle holder to recourse on endorser. Nor -will it entitle endorsee to recourse on endorser.
Monroe and Deparo, for plaintiff; Denny, for do fondant.
The only question remaining, therefore, for com Sideration, is, whether the bank was guilty of any unreasonable delay or omission, in proceeding against ■ Blanton? We think it was.
By its agreement that Blanton should file a plea to the jurisdiction, after it had obtained a judgment against him, the final judgment was postponed more than a year. JSTo reason appears on the record, to justify this indulgence, or relieve the bank from the legal consequences resulting from it, as to the liabilities of the endorsers.
It is not shown that Blanton was prosecuted Co insolvency.
It was the duty of the bank, before it should have recovered from Smith, and it is his duty, before he will be entitled to a judgment against the defendants, to show what was the issue of the proceedings against the person of Blanton. The simple fact that he was arrested and imprisoned, is insufficient to prove his insolvency. See Owings, et al. vs. Grimes, V. Littell’s Reports, 331.
It is not shown that Blanton died in prison.
For these reasons, we are of opinion that Blanton’s endorsers were released, by operation of law, from liability.
Wherefore, there is no error in the judgment of the circuit court, and it is, therefore, affirmed.